NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL E. PIECZYNSKI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2026-1043

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01002-PSH, Judge Philip S. Hadji.

---

Decided:  July 10, 2026

---

PAUL E. PIECZYNSKI, Exeter, PA, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE, BRETT SHUMATE.

---

Before PROST, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Paul E. Pieczynski appeals a judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. For the reasons discussed below, we affirm.

I

Between 2009 and 2017, Mr. Pieczynski was tried and convicted for various criminal offenses in the Court of Common Pleas of Luzerne County, Pennsylvania. He now claims that his convictions entitle him to a $26,800,000 arbitration award against Pennsylvania state officials.

Mr. Pieczynski previously attempted to confirm his alleged arbitration award by filing suit in the United States District Court for the Middle District of Pennsylvania. The district court dismissed the complaint without prejudice due to Mr. Pieczynski's refusal to pay the filing fee. *See Pieczynski v. Pennsylvania*, 2021 WL 1534978, at *1 (M.D. Pa. Apr. 19, 2021). The United States Court of Appeals for the Third Circuit affirmed. *See Pieczynski v. Pennsylvania*, 2021 WL 5745694, at *1 (3d Cir. Dec. 2, 2021).

Mr. Pieczynski then filed a new suit in district court, which was dismissed for failure to effect service. *See Pieczynski v. Pennsylvania*, 2023 WL 4183450, at *2 (M.D. Pa. June 26, 2023). The Third Circuit affirmed this dismissal on the separate ground that the district court lacked subject-matter jurisdiction. *See Pieczynski v. Pennsylvania*, 2024 WL 1171076, at *1 (3d Cir. Mar. 19, 2024).

On June 12, 2025, Mr. Pieczynski filed a complaint in the Court of Federal Claims. Once again, he sought to confirm his alleged arbitration award, this time naming the United States as defendant. With accrued interest, Mr. Pieczynski claimed entitlement to $614,122,000. Mr. Pieczynski alternatively claimed damages in the same amount due to alleged federal judicial obstruction.

The Court of Federal Claims held that it lacked subject matter jurisdiction over Mr. Pieczynski's claims because, among other reasons, he cited no money-mandating source of law. The court also explained that it has no jurisdiction over state officials and lacks power to review decisions of other courts.

Mr. Pieczynski now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

## II

As the plaintiff, Mr. Pieczynski bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). While we afford *pro se* plaintiffs greater latitude in meeting pleading requirements, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), they are required to meet the same jurisdictional requirements as represented litigants, *see Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has jurisdiction over "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act does not create a substantive right to money damages. *See id.* Instead, a plaintiff seeking to invoke jurisdiction under the Tucker Act must "identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

To establish jurisdiction, therefore, Mr. Pieczynski must identify a source of law other than the Tucker Act

that can fairly be interpreted as mandating a right to recovery against the United States. He has failed to do so.

Mr. Pieczynski identifies the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, as purportedly mandating compensation based on his alleged arbitration award. Mr. Pieczynski does not allege that the United States is named in the arbitration award. *See* SAppx8 (Court of Federal Claims noting that arbitration award "ultimately imposed" liability "only on state actors").[1]

Instead, Mr. Pieczynski points to the FAA's provision that "any party to the arbitration may apply to the [specified court] for an order confirming the award" and the court "must grant such an order," if certain conditions are met. 9 U.S.C. § 9. However, as the Court of Federal Claims correctly explained, "[n]owhere in Title 9 does Congress provide for the payment of money damages in the event of 'FAA enforcement obstruction' or a court's failure to enforce an arbitration award." SAppx5 (quoting complaint). Thus, as the trial court continued, the FAA "is a mechanism of enforcing contract terms rather than mandating payment from the Government." SAppx5.

The Court of Federal Claims likewise lacked jurisdiction over Mr. Pieczynski's request that it review the dismissals in his previous cases. In addition to not invoking any money-mandating source of law, evaluating this claim would require the Court of Federal Claims to sit in review of federal district and circuit courts, which it lacks jurisdiction to do. *See* 28 U.S.C. § 1254; *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1344 (Fed. Cir. 2002). These

---

[1] "SAppx" refers to the supplemental appendix filed with the government's informal response brief. ECF No. 30.

deficiencies are not altered by Mr. Pieczynski's characterization of his earlier federal court losses as inaction or obstruction by the federal government.

Thus, the Court of Federal Claims properly dismissed Mr. Pieczynski's complaint for lack of subject matter jurisdiction.

### III

We have considered Mr. Pieczynski's remaining arguments and find they lack merit.[2] Accordingly, for the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

**AFFIRMED**

COSTS

No costs.

---

[2] We have considered Mr. Pieczynski's memorandum in lieu of oral argument.  ECF No. 39.